**LeMAISTRE, Adm., Plaintiff and WARNER, Admrx, d.b.n., New Plaintiff & Plaintiff Appellant v CLARK, Defendant.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 19232.   Decided April 19, 1943.

Payer, Bleiweiss & Cook, Cleveland, David Perris, Cleveland, for plaintiff Warner.

Manchester, Bennett, Powers & Ullman, Youngstown, Baker, Hostetler & Patterson, Cleveland, James F. Bennett, Youngstown, Howard F. Burns, Cleveland, John Adams, Cleveland, for defendant Clark.

## OPINION

By LIEGHLEY, J.

The original petition was filed in the common pleas court in December, 1937.   Since then the case has travelled through this court and to the supreme court, resulting in decisions adverse to the interests of plaintiff.   The history of this litigation would throw little light upon the question involved herein.

After the foregoing litigation had been concluded plaintiff, Clara Warner, as administratrix, applied to the common pleas court of this county to be substituted as party plaintiff and was granted leave to file an amended petition instanter on August 11, 1942.

Thereafter, defendant filed a motion to strike said amended petition and for judgment for defendant which motion was granted.

The prayer of this amended petition was one for accounting and impressing certain securities and alleged credits with a trust. This amended petition attempted to state a cause of action in chancery. An appeal was perfected to this court from the order striking said amended petition and entering judgment for defendant on questions of law and fact. The defendant thereupon filed a motion to dismiss the appeal on questions of law and fact and retaining the appeal on questions of law only.

Whether or not this motion should be sustained presents the only issue for consideration. It should be noted that no issue of fact was presented to the trial court. The order appealed from presents only a question of law; that is, was the court correct in granting the motion to strike?

The third paragraph of §12223-1 GC, reads as follows:

"3. The 'appeal on questions of law and fact' shall be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase 'appeal on questions of fact.'" * * *

The judgment of the trial court appealed from involves the decision of no issue of fact. In this court on this appeal the record contains no issue of fact for rehearing or retrial.

Section 12223-22 (2) GC reads as follows:

"2. Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

These sections are quoted to demonstrate that the so-called New Appellate Act contemplates a trial de novo of the facts only when there has been a trial thereof before and a retrial is sought thereof in this court.

Some of us were about and endeavoring to practice law in 1912 when the proponents of the constitutional amendment subsequently designated as Article IV, Section 6 were crusading for its adoption. The outstanding slogan urged at that time was "one trial and one review."

If it be permitted to appeal the ruling on a demurrer to a petition or a ruling granting judgment on the pleadings or any similar order in a chancery case, on questions of law and fact, without any issue of fact being presented to and decided by the trial court, the result is one trial and no review of the factual issues.

It is well understood and settled that the supreme court will not review the issue of weight of evidence in any case but will only examine the evidence to determine whether or not the correct rule of law was applied. If a trial of the facts be first had in this court, then there is no review attainable on the weight of the evidence.

The definition in the Act itself defining what an appeal on questions of law and fact shall be and how it shall be construed, clearly establishes and contemplates that an appeal to this court on a question of law and fact such as in this case, should be declared to be an appeal on law by this court, and in the event the judgment of the trial court be reversed, then to remand the cause to the common pleas court or trial court for further proceedings according to law, which may include a trial of all issues of fact in the case.

This procedure alone will guarantee to a litigant one trial and one review of the factual issues. In our opinion it was the one intended if the quotations herein are harmonized. Further, it is the more practical from the viewpoint of saving time and expense to litigants.

**Article IV, Section 6** of the **Ohio Constitution** definies the jurisdiction of the Court of Appeals in part in the following language:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition, and procedendo, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law, * * *"

However, this section does not prescribe the procedure. This has been left to the legislature to establish by enactments. Of course, the appellate courts have jurisdiction in chancery cases but may be exercised only by the methods and in the manner prescribed by law.

The language in Section 6 above quoted recognizes a distinction between original and appellate jurisdictions. Excepting the five actions named in which original jurisdiction is conferred, all others are appellate. Excepting these five, the appellate court is a reviewing court. If a law and fact appeal is authorized in such a situation as presented in this case, then it would seem and in fact would be a review of the law side of the case and an original trial of the factual.

If litigants in a chancery case are to be accorded the same opportunities as those involved in a law case, then "rehearing and retrial" means what it says and is the equivalent of review. We are of the opinion and are convinced that there should be a trial of the facts in the trial court and if any party is dissatisfied with the result then he may appeal to this court for retrial.

Using this case for illustration. it demonstrates the problem that confronts us. When this case was appealed on law and fact the entire case was transferred to this court. When assigned for hearing we learn there is really only a law question, and no transcript of evidence. If we proceed and disagree with the trial court then the case must go to a master or referee and upon report again assigned on the calendar. The volume of business will not permit two hearings in each of the many such cases filed in this court.

If we hold the case until a report of the evidence is on file and then agree with the judgment or ruling of the trial judge, then the litigants have been put to large and needless expense which may be avoided by a decision of the law question and case remanded, when reversed, to the trial court, for trial of the facts in court at fractional expense in time and money in a more orderly fashion. We are convinced this latter method is according to preconceived plan and confirmed by express language of the Appellate Procedure Act.

The motion in this case to dismiss the appeal on questions of law and fact and retain same on questions of law only is granted. In the event it is determined that in our opinion the trial court was in error in striking the amended petition and entering judgment, the case will be reversed ad remanded for further proceedings as above noted; otherwise, the judgment will be affirmd.

The conclusion reached by us appears to be in conflict with the holding of the Third Appellate District in the case of **P. M. Casualty Company v P. G. Lines, 68 Oh Ap Rep. 139,** and is therefore certified.

SKEEL, J., concurs.
MORGAN, PJ., dissents.

MORGAN, PJ., Dissenting.

By **Article 4, Section 6** of the **Constitution of Ohio,** the Court of Appeals is given appellate jurisdiction in "the trial of chancery cases." The plaintiff in his petition in this case seeks an accounting and to impress securities with a trust. This is, therefore, a chancery case.

**Section 12223-1 (3) GC** provides:

"The appeal on questions of law and fact shall be construed to mean a rehearing and retrial of a cause upon the law and the facts."

**Section 12223-21 GC** provides:

"Appeal taken on questions of law and fact shall entitle the party to a hearing and determination of the facts de novo and shall be upon the same or amended pleadings."

It is my opinion that under the Ohio Constitution and the above Sections of the General Code, an appeal on questions of law and fact is well taken in a chancery case and that an appellant on questions of law and fact is entitled to "a hearing and determination of the facts."

The General Code, by the use of the words "rehearing and retrial of a cause upon the law and facts" in §12223-1 (3) GC, and "de novo'" in §12223-21 (2) GC, does not limit, in my opinion, the right of an appellant to a hearing of his case in the Court of Appeals in chancery cases to cases where there has been a trial of facts in the lower court. The above provisions are intended to make clear that an appellant when there has been a trial in the lower court in a chancery case, is not required to try his case on the record below, but is entitled to a hearing "de novo."

The argument developed in the majority opinion that only by holding that this appeal is properly in law, can the parties be assured in all cases of one trial and one review, is a cogent one. I freely admit that I am not at all certain of the correctness of the conclusion reached by me in this case; it is one of the cases concerning practice where it is important that the question involved be settled by the Supreme Court, so that courts and lawyers may be guided thereby. As this court has certified its decision in this case to the Supreme Court as a conflict case, we shall not have long to wait.